PUKALL, Respondent, vs. McCANDLESS, Appellant.

*April 10—May 13, 1947.*

*Orville S. Luckenbach* of Shawano, for the appellant.
*Louis W. Cattau* of Shawano, for the respondent.

FAIRCHILD, J.   It appears that the issue of whether or not there was damage to the building resulting from plaintiff's negligence was not given due consideration.   It is suggested that no motion was made for a special verdict because of the determination of the court to dispose of the matter under the rule providing that where both parties move for a directed verdict the jury is waived.   The questions submitted were general in nature.   The instructions were intended to assist in enabling the jury to determine the matters in issue, but it is impossible to escape the conclusion that in spite of them confusion existed.

After the jury had retired to the juryroom, counsel for both parties came before the bench and discussed some matter with the court, whereupon the court, counsel for both parties, and the reporter went into the juryroom, where these further instructions were given to the jury in an effort to eliminate the confusion: "In order to indicate what I intend with respect to damages I will state this illustration: If your ultimate conclusion, after examining the evidence, is that the plaintiff is entitled to $10 for moving the house, and that he caused $5 damage to the house while moving it, then you would select the verdict saying, 'We find for the plaintiff and assess his damage'

at the difference, or $5. Is that clear? If, on the other hand, you found it was worth $50 to remove the house and that he caused $75 worth of damage, then you would discount what he was entitled to for moving the house from the amount of the damage and allow the defendant $25. Is that clear?" One juror then asked: "We must find for one or the other?" The court answered: "You must find for one or the other unless it should be an exact offset, one equal exactly to the other." After receiving these instructions, the jury returned a verdict, of the form indicated in the statement of facts, for the plaintiff in the amount of $495.78.

A further difficulty is presented by the fact that, after deciding, upon motions for a directed verdict, to take the case from the jury except to "submit the matter on a general verdict for an advisory verdict only," the court decided to rest the judgment upon the verdict. Judgment was accordingly rendered in plaintiff's favor for $495.78, plus costs and disbursements. As appears from the statement of facts, testimony which should have been given before the jury in open court if it was to be a jury question was heard by the court in chambers. No findings by the court were made except as he adopted the jury's verdict.

We conclude that a new trial must be granted because the trial court, instead of making his own findings, accepted the verdict of an advisory jury, assuming the evidence sustained a finding that the contract price was as alleged by the plaintiff, but overlooking the evidence in relation to the counterclaim. In *Haack v. Hall* (1945), 247 Wis. 419, 423, 19 N. W. (2d) 871, an advisory verdict was taken and a somewhat similar set of circumstances existed. In that case the trial court indicated in a memorandum decision that he would have decided differently. "The trial court, however, yielded to the findings of an advisory jury because of the conclusion that there was evidence to sustain these findings." But, so far as the counterclaim was concerned, there, as here, the great weight and clear

preponderance of the evidence was against a holding in plaintiff's favor upon a vital question.

In view of our conclusion that from the record it appears that the real controversy has not been fully tried and that it is probable that justice of the issue raised by the counterclaim may have miscarried, the judgment must be set aside and a new trial granted. (Sec. 251.09, Stats.)

*By the Court.*—Judgment reversed. Cause remanded for a new trial.